UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Derrick D. Blassingame, | ) |
| Plaintiff, | ) Case No.: 1:22-cv-00306 |
| vs. | ) Judge Michael R. Barrett |
| Trihealth Inc., et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Magistrate Judge's Order denying Plaintiff's Motion to Amend his Complaint (Doc. 17) and Report and Recommendation ("R&R") (Doc. 4).

**I.  STANDARD OF REVIEW**

When the Court receives timely objections to a magistrate judge's R&R on a nondispositive matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they

"contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

The Magistrate Judge adequately summarized the factual and procedural background of this case in the R&R and prior Orders. (Docs. 4, 15, 17). The Court will not repeat the same herein unless necessary to respond to one of Plaintiff's objections.

### a. Order Denying Motion to Amend

Plaintiff filed two documents in which he objects to the Magistrate Judge's nondispositive Order denying his Motion to Amend his Complaint. (Doc. 18) ("Plaintiff's Motion to Set Aside the Magistrate Judge's Order"); (Doc. 19) ("Plaintiff's Objections to Magistrate Judges Order"). Although Plaintiff brings his motion and objections under Federal Rule of Civil Procedure ("Rule") 60(b) and 46 respectively, neither Rule is the proper vehicle to object to the Magistrate Judge's Order. Rule 60 addresses relief from a final judgment, order, or proceeding, and there has been no such final judgment, order, or proceeding in this matter yet, and Rule 46 addresses trial procedure. *See* FED. R. CIV. P. 46, 60(b). Instead, the Court will construe both of Plaintiff's filings as timely objections brought pursuant to Rule 72. *See* FED. R. CIV. P. 72.

Plaintiff asks the Court to set aside the Magistrate Judge's Order and cites good cause and excusable neglect for his failure to respond to the Magistrate Judge's December 14, 2022 deadline for him to file a proposed amended complaint to attach to his already filed Motion to Amend the Complaint. (Doc. 18 PageID 138); *see* (Doc. 15) (Nov. 18, 2022 Order holding Motion to Amend the Complaint in abeyance for submission of proposed amended complaint). Plaintiff explains that he was arrested and incarcerated on November 22, 2022; was released from said incarceration on December 7, 2022; and "did not receive the Court's order requiring his filing to be completed on or by December 14, 2022 until after" his December 7, 2022 release." (Doc. 18 PageID 138). Plaintiff also alludes to "his attendance as a full-time student at Georgia State University," "semester final exams," and United States Postal Service ("USPS") delays in Atlanta, Georgia. (*Id.*) Plaintiff states that the above "events are beyond [his] control." (*Id.*)

The Court is not persuaded. Plaintiff does not explain why he could not respond to the Magistrate Judge's November 18, 2022 Order, or file a motion for an extension of time to respond, in the period between his December 7, 2022 release from incarceration and the December 14, 2022 filing due date. He concedes that he received the Order after his December 7, 2022 release and does not state that he received the Order after December 14, 2022. Additionally, his vague references to final exams and general USPS mail delays, without more, do not convince the Court that Plaintiff has established good cause or excusable neglect. Finally, and despite the Magistrate Judge's Order's instructions, and Plaintiff's filing of two objections, on December 22, 2022 and then on January 3, 2023, Plaintiff continues to fail to file a proposed amended complaint with his submissions to the Court. Plaintiff's failure to do so, and failure to specify the desired

3

amendments, leaves the Court to speculate as to his proposed amendments. *See Williams v. Miniard*, No. 1:22-cv-1, 2023 WL 142075, at *4 (S.D. Ohio Jan. 10, 2023) (explaining that "[n]ormally, a party seeking an amendment should attach a copy of the amended complaint," and appellate courts have found no abuse in discretion in denying leave to amend where plaintiffs "did not present an adequate motion and because they did not attach a copy of their amended complaint" (quoting *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014))).

After a review of Plaintiff's objections (Docs. 18,19), nothing in either filing convinces the Court that any part of the Magistrate Judge's Order denying the Motion to Amend is clearly erroneous or is contrary to law. *See* FED. R. CIV. P. 72(a).

### b. R&R

With respect to Plaintiff's objections to the Magistrate Judge's recommended dismissal of Count I ("Malice"), Count II ("The Defendant's Lacked Probable Cause"), and Count IV ("Intentional Infliction of Emotional Distress"), Plaintiff misunderstands the Magistrate Judge's holding. She did not find that Plaintiff failed to state a claim for these counts. She found that the Court should decline to exercise supplemental jurisdiction over these state claims. *Compare* (Doc. 4 PageID 58-59, 63), *with* (Doc. 8 PageID 83-84). The Court agrees with the Magistrate Judge and declines to exercise supplemental jurisdiction over these state law claims because, as discussed in the R&R and below, Plaintiff fails to state any claims under federal law and supplemental jurisdiction over these remaining state law claims is improper.

With respect to Plaintiff's objections to the Magistrate Judge's recommended dismissal of Count III ("False Imprisonment"), Plaintiff asserts that false imprisonment

"claims are often paired together in actions against a defendant, including police officers." (Doc. 8 PageID 84). Plaintiff, in addition to citing no authority for his assertion, ignores the Magistrate Judge's citation to precedent to support her conclusion that Plaintiff's false imprisonment, in violation of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983, claim fails because (1) such claims must be brought against a state actor, and Defendant TriHealth is not a state actor, and, (2) when such claims are brought against a governmental entity like Defendant City of Cincinnati, the plaintiff cannot sue for an injury inflicted solely by an employee or agent; instead, the local government must be engaged in its own wrongdoing via, inter alia, an illegal official policy or legislative enactment, and Plaintiff's Complaint is devoid of any allegation regarding an illegal official policy or legislation. (Doc. 4 PageID 60-61). The Court agrees with the Magistrate Judge.

With respect to Plaintiff's objections to the Magistrate Judge's recommended dismissal of Count V ("Unreasonable Seizure"), Count VI ("Discrimination"), Count VII ("Conspiracy to Interfere in Civil Rights"), and Count VIII ("Punitive Damages"), the Court finds these objections to be nothing more than general disagreements with the R&R, which are insufficient to direct the Court's attention to a specific issue with the recommendation of dismissal of these claims. (Doc. 8 PageID 86-87); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

The Court will overrule Plaintiff's objections to the R&R after its de novo review of the Complaint, R&R, and Plaintiff's objections to the R&R.

5

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Plaintiff's Objections (Docs. 8, 18, 19) are **OVERRRULED**; the R&R is **ADOPTED in full**; this action is **DISMISSED with prejudice**; the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith; and the Court **DENIES** Plaintiff leave to appeal in forma pauperis.[1]

**IT IS SO ORDERED.**

    /s Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court

---

[1] Plaintiff remains free to apply to proceed *in forma pauperis* in the U.S. Court of Appeals for the Sixth Circuit.